# In the United States Court of Federal Claims

No. 10-851T
(Filed: January 8, 2015)

```
**************************************
CHARLES P. ADKINS and JANE E.        *
ADKINS,                              *
                                     *
                Plaintiffs,          *
                                     *
        v.                           *
                                     *
THE UNITED STATES,                   *
                                     *
                Defendant.           *
**************************************
```

## RULING ON PLAINTIFFS' MOTION TO REOPEN THE RECORD

The court conducted a trial in the above-captioned case in November 2014. During that trial, the court admitted, over plaintiffs' objection, defendant's rebuttal exhibit 38–a three-page record of an interview that FBI Special Agent Kurt F. Dengler conducted with Charles P. Adkins. Plaintiffs' objection to the admission of this document into evidence was based on the fact that defendant did not produce the document during discovery even though it was, plaintiffs believed, responsive to their discovery requests. Defendant countered that during discovery, it had disclosed the existence of the document to plaintiffs and advised plaintiffs that the FBI would produce the document to plaintiffs if they signed a "Privacy Act Waiver and Certification of Identity" form (which defendant provided plaintiff). Plaintiffs did not return a signed waiver to defendant.

The court concluded that plaintiffs' failure to execute the necessary waiver precluded their objection that the document had not been provided to them during discovery and that the document was admissible as a business record. Accordingly, the court admitted the document into evidence. Upon doing so, however, the court advised plaintiffs that it would revisit its ruling if plaintiffs produced a signed waiver that had been provided to defendant or that defendant later advised them that a signed waiver was not needed for the document's production. Approximately two weeks later, on December 1, 2014, plaintiffs filed a motion to reopen the record. Despite the court's instructions during trial, nowhere in plaintiffs' motion do they indicate that they returned a signed waiver to defendant or that defendant later advised them that a signed waiver was unnecessary. Rather, plaintiffs seek to introduce into the record additional arguments, and a previously undisclosed supporting exhibit, against the admissibility of the document.

In brief, plaintiffs contend that when they received defendant's offer to produce the document upon receipt of a signed waiver, they believed that defendant was attempting to settle all of the parties' outstanding discovery disputes. Thus, rather than return the signed waiver, they filed a motion to compel answers to interrogatories and the production of documents. In a June 12, 2012 order, the court denied plaintiffs' motion, explaining that the parties had "agreed that a properly worded stipulation would obviate the need for the discovery sought by plaintiffs." Plaintiffs represent that they believed that the denial of their motion to compel trumped their right to obtain any documents from the FBI.

In its response to plaintiffs' motion to reopen the record, filed on December 18, 2014,[1] defendant characterizes plaintiffs' explanation for their failure to return a signed waiver as "nonsensical." It further emphasizes that during the status conference convened by the court to discuss plaintiffs' motion to compel, plaintiffs suggested that they were most concerned with obtaining discovery regarding the actions of the criminal defendants, and not discovery concerning what they told the FBI (since they had personal knowledge regarding their discussions with the FBI).

The court clearly stated during trial that the document was admissible and that it would revisit that ruling only if plaintiffs could establish surprise, that is, that they submitted a signed waiver to defendant or that they were later advised that a signed waiver was unnecessary and defendant failed to produce the document. Having failed to allege, much less establish, that either of these two circumstances existed, plaintiffs' motion to reopen the record must be denied. Moreover, plaintiffs assert in their motion that the information contained in the document at issue is "merely cumulative." Therefore, as plaintiffs recognize, they suffer no prejudice by the admission of the document into the trial record.

For the reasons stated, the court **DENIES** plaintiffs' motion to reopen the record.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge

---

[1] The deadline for plaintiffs' reply was January 5, 2015; no reply has been filed.